UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CAUSE NO. 1:24-cr-00143-JPH-KMB |
| | ) |
| JAMES WATT, | ) |
| | ) |
| Defendant. | ) |

FILED
08/15/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## INFORMATION

The United States Attorney charges that:

### General Allegations

At times material to this Information:

1. The defendant, JAMES WATT, was a resident of Indianapolis, Indiana, in the Southern District of Indiana.

2. WEBSITE 1 was a publicly available website that illegally allowed users to order fraudulent driver's licenses and other forms of false identification online.

### The Scheme

3. Customers would order false driver's licenses on WEBSITE 1 by supplying their personal information, a photo of themselves, and an address to which to mail the identification.

4. Once the order was received, the operator of WEBSITE 1 would provide the customer's information to WATT to produce the fraudulent identification and mail it to the customer.

5. The operator of WEBSITE 1 would send WATT the customer's information

through an online file-sharing website. This information would be "ready-to-print," meaning it was sent in a file format that WATT could use to create the false identifications.

6. Once WATT received the files, he would produce the false identifications at his residence with device making equipment.

7. WATT then placed the false identifications in the mail stream at United States Postal Service blue collection boxes throughout Indianapolis. WATT usually did this late at night to avoid detection.

8. WEBSITE 1's customers received the false identification at the address they provided.

9. WEBSITE 1's customers usually paid for their purchases with bitcoin. The operator of WEBSITE 1 would keep some of the bitcoin as payment and give a portion to WATT to pay WATT for producing and mailing the false identifications. WATT received compensation for each false driver's license he produced and mailed.

10. Between March 13, 2019, and February 16, 2023, WATT produced and mailed more than 30,000 false identifications. In exchange, the operator of WEBSITE 1 paid WATT bitcoin. WATT received from WEBSITE 1 in excess of at least 14 bitcoin, which at the time was worth more than $370,000.

## COUNT 1
**Unlawful Production of Document or Authentication Feature**
**18 U.S.C. § 1028(a)(1), (b)(1)(A), and (b)(1)(B)**

11. Paragraphs 1 through 10 are incorporated and realleged as if set forth herein.

12. On or between on or about or about August 2, 2019, and February 16, 2023, in the Southern District of Indiana, the defendant, JAMES WATT, did knowingly and without lawful

authority produce an identification document, authentication feature, or a false identification document; to wit, WATT produced fraudulent driver's licenses, and the offense involved the production or transfer of an identification document, authentication feature, or false identification document that is or appears to be (i) an identification document or authentication feature issued by or under the authority of the United States; or (ii) a birth certificate, or a driver's license or personal identification card, and the offense involved the production or transfer of more than five identification documents, authentication features, or false identification documents.

All in violation of Title 18, United States Code, Section 1028(a)(1), (b)(1)(A), and (b)(1)(B).

### COUNT 2
**Money Laundering**
**18 U.S.C. § 1957**

13. Paragraphs 1 through 12 are incorporated and realleged as if set forth herein.

14. On or about October 30, 2020, within the Southern District of Indiana and elsewhere, the defendant, JAMES WATT, knowingly engaged in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000. This property was derived from the unlawful production of a document or authentication feature, in violation of 18 U.S.C. § 1028(a)(1), as charged in Count 1. Specifically, on the date above, WATT converted one bitcoin (valued at the time at approximately $13,441.88), which he had earned in compensation for producing and trafficking fraudulent driver's licenses, to another cryptocurrency named Monero, using a cryptocurrency exchange service.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE

15. The allegation contained in Count 1 of this Information is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

16. Upon conviction of the offense in violation of Title 18, United States Code, Section 1028 set forth in Count 1 of this Information, JAMES WATT, the Defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property includes but is not limited to:

- $4,899.00 U.S. Currency (Asset Identification No. 23-USP-000952);
- One (1) piece of jewelry and fourteen (14) miscellaneous pieces of silver (Asset Identification No. 23-USP-001051);
- 13.38955552 Bitcoin (Asset Identification No. 23-USP-001154); and
- 0.03851831 Bitcoin (Asset Identification No. 23-USP-001165).

17. The allegation contained in Count 2 of this Information is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

18. Upon conviction of the offense in violation of Title 18, United States Code, Section 1957 set forth in Count 2 of this Information, JAMES WATT, the Defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

982(a)(1) any property involved in a transaction or attempted transaction of money laundering, or any property traceable to such property. The property includes but is not limited to:

- Electronic equipment (Asset Identification No. 23-USP-001348);
- Fake IDs and fake ID manufacturing materials (Asset Identification No. 23-USP-001349); and
- Miscellaneous documents and notebooks seized from JAMES WATT's residence (Asset Identification No. 23-USP-001350).

19. If any of the property described above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

ZACHARY A. MYERS
United States Attorney

Adam Eakman
Assistant United States Attorney
::KMS

Kyle M. Sawa
Chief, General Crimes Unit